IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DERRICK D. FILS, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09 C 7861 |
| | ) | |
| **THOMAS DART,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

**BACKGROUND**

Plaintiffs contend that they were inmates at the Cook County Jail (Jail) between 2006 and 2008. Plaintiffs allege that they and other inmates were forced to sleep on the floor without a mattress, blanket, or pillow. Plaintiffs allege that while they were denied sleeping accommodations, another structure at the Jail was vacant and unused and there was adequate space there to provide inmates with sleeping accommodations. Plaintiffs also contend that large sums of money were appropriated for the maintenance of the Jail, but that the Jail has remained in a state

1

of disrepair. Plaintiffs brought the instant action and include in their amended complaint claims brought pursuant to 42 U.S.C. § 1983 (Section 1983), alleging that the alleged deprivation of sleeping accommodations was a violation of Plaintiffs' rights, privileges, or immunities secured by the Constitution. Plaintiffs also include class allegations in the amended complaint. Defendant moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 ( 2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

Defendant contends that all of the claims brought in the instant action are time-barred. The statute of limitations period for Section 1983 claims brought in Illinois is two years. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). A court can dismiss an action based on a statute of limitations defense "when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). In the instant action, Plaintiffs contend that Plaintiff Derrick D. Fils (Fils) was confined in the Jail for several days and nights in October 2007 and that Plaintiff Cleveland L. Cain (Cain) was confined in the Jail in May 2006 through February 2007. (A. Compl. Par. 5, 6). Thus, the complaint filed in the instant action in December 2009, was filed beyond the two-year statute of limitations period for Fils and Cain.

In regard to Plaintiff Carl A. Stuckey (Stuckey), Plaintiffs fail to indicate when he was confined in the Jail other than stating in a conclusory fashion that Stuckey was confined on three occasions in 2008 in the Jail. (A. Compl. Par. 7). Defendant has provided public records that indicate that Stuckey was not confined in the Jail overnight after December 18, 2007. *See Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008)(indicating that a "district court to take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment"). The records indicate, for example, that there were not any criminal cases pending against Stuckey that would have required him to be confined

3

overnight at the Jail after December 18, 2007. Defendant has also provided official housing records for the jail that indicate that Stuckey was not confined in the Jail overnight after December 18, 2007. Stuckey has not provided any specific facts to suggest that he was actually confined in the Jail in 2008 and his conclusory general statement is insufficient to support a valid claim. Plaintiffs, in fact, concede in their response to the motion to dismiss that they all "were released from the [Jail] more than 2 years before they filed suit. . . ." (Ans. 3). Also, specifically in regard to Stuckey, Plaintiffs merely contend that it is unclear "how long plaintiff Stuckey was in the Jail prior to being released on December 3, 2007." (Ans. 4). Thus, since there are not sufficient facts to indicate that Stuckey was confined in the Jail overnight after December 18, 2007, Stuckey's claim is untimely as well.

Plaintiffs argue that they did not know that their constitutional rights had been violated until after their release and that their causes of action did not accrue until they "knew or should have known that their constitutional rights ha[d] been violated." (Ans. 3). Plaintiffs argue that they "are not lawyers," and thus, their claims should not accrue until they discovered that they had legally cognizable claims. (Ans. 3). Although state law determines the statue of limitations for Section 1983 claims, "federal law determines when a Section 1983 claim accrues." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). A Section 1983 claim accrues at the point "when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Id.*; *see also Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002)(indicating that a federal claim "accrues when the plaintiff knows both the

4

existence and cause of his injury" and that a claim does not accrue "at a later time when [the plaintiff] also knows that the acts" can support a cognizable legal claim); *see also Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)(stating that "[u]nder federal law, the time begins to run when the plaintiff knows that he has been injured"); *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006)(stating that a "'Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated'")(internal quotations omitted)(quoting in part *Kelly v. City of Chicago,* 4 F.3d 509, 510 (7th Cir. 1993)); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994)(stating that "[a] § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action"); *see also e.g., Wallace v. Kato*, 549 U.S. 384, 391 (2007)(holding that a false imprisonment claim accrues when a plaintiff is held and not with regard to a conviction's validity).

    Plaintiffs argue that it is premature to assess when they had sufficient information to know that they were injured. Plaintiffs argue that such factual issues cannot be addressed until the summary judgment stage. However, Plaintiffs allege in their amended complaint that the basis for their claims is that they suffered physical hardships when exposed to alleged harsh conditions in the Jail. There are no facts included in the amended complaint that would suggest other than that Plaintiffs knew of their alleged injuries at the time of their confinement. If Plaintiffs were forced to sleep without a mattress, they were unquestionably aware of that fact and the alleged resulting harm at that time. Thus, the allegations in the amended

complaint indicate that Plaintiffs possessed sufficient facts at the time of their confinement to bring their claims against Defendant in a timely manner. The fact that Plaintiffs may have discovered at some later time the availability of potential legal claims does not mean that their claims accrued on the date of such discovery. *See Massey*, 312 F.3d at 276 (stating that a claim does not accrue when a person discovers that the individual "who caused the injury was legally blameworthy"). Instead, Plaintiffs' claims accrued when they suffered the alleged harsh conditions in the Jail. *See id.* (stating that "for statute of limitations purposes, a plaintiff's ignorance of his legal rights and his ignorance of the fact of the injury or its cause should not receive equal treatment"). To the extent that Plaintiffs contend that there are factual issues to be resolved, such as how long Stuckey was in the Jail prior to December 3, 2007, (Ans. 4), such factual issues are not material to a determination of whether the claims in the instant action are time-barred. Regardless of how long Stuckey was in the Jail prior to December 3, 2007, his claims would be untimely. Thus, Plaintiffs' claims are time-barred, and we grant Defendant's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Defendant's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 10, 2010

6